**Matthew S. Parmet** (TX Bar # 2406719)
(*seeking admission pro hac vice*)
matt@parmet.law
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone 713 999 5228

**Attorneys for Plaintiff**

**UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA**

| | |
|---|---|
| **Michelle Principe, individually and on behalf of all others similarly situated**, <br><br> Plaintiff, <br><br> vs. <br><br> **Greystar Management Services, L.P.**, <br><br> Defendant. | Case No. _____ <br> FLSA Collective Action <br> FED. R. CIV. P. 23 Class Action <br><br> **Plaintiff's Original Class and Collective Action Complaint for Damages** |

## SUMMARY

1.      Michelle Principe brings this lawsuit to recover unpaid overtime wages and other damages owed by Greystar Management Services, L.P. ("Greystar").

2.      Principe worked for Greystar as a property accountant.

3.      Principe and other property accountants for Greystar regularly worked in excess of 40 hours in a week.

4.      Greystar did not pay Principe and the other property accountants overtime when they worked in excess of 40 hours in a week.

5.      Instead, Greystar improperly classified Principe and the other property accountants as exempt employees and paid them a salary with no overtime compensation.

*PARMET PC* (vertical left margin)

6. This action seeks to recover the unpaid overtime wages and other damages owed by Greystar to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. The Court has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Greystar resides in this District.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11. Principe worked for Greystar in this District.

## PARTIES

12. **Michelle Principe** is a natural person who is a resident and citizen of Arizona.

13. Principe was, at all relevant times, an employee of Greystar.

14. Principe was a salaried employee of Greystar.

15. Principe worked for Greystar as a property accountant.

16. Principe worked for Greystar from January 2021 to November 2021.

17. Principe's written consent is attached as Exhibit A.

18. Principe represents at least two groups of similarly situated Greystar employees.

19. Principe represents a collective of similarly situated employees under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All current or former property accountants employed by Greystar Management Services, L.P. in the United States who were, at any point in the past three years, paid on a salary basis.**

20.     Principe represents a class of similarly situated employees under Arizona law pursuant to Federal Rule of Civil Procedure 23. This "Arizona Class" is defined as:

> **All current or former property accountants employed by Greystar Management Services, L.P. in Arizona who were, at any point in the past three years, paid on a salary basis.**

21.     Together, throughout this Complaint, the FLSA Collective members and Arizona Class members are referred to as the "Similarly Situated Workers."

22.     **Greystar Management Services, L.P. ("Greystar")** is a foreign company.

23.     Greystar conducts business in a systematic and continuous manner throughout Arizona and this District.

24.     Greystar may be served by service upon its registered agent, **CT Corporation System, 3800 North Central Ave., Ste. 460, Phoenix, AZ 85012**, or by any other method allowed by law.

## COVERAGE UNDER THE FLSA

25.     At all relevant times, Greystar was an employer of Principe within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26.     At all relevant times, Greystar was and is an employer of the Similarly Situated Workers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

27.     Greystar was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

28.     During at least the last three years, Greystar has had gross annual sales in excess of $500,000.

29.     Greystar was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

30.     Greystar employs many workers, including Principe, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or

PARMET PC

otherwise work on goods or materials that have been moved in or produced for commerce by any person.

31.    The goods and materials handled, sold, or otherwise worked on by Principe, and other Greystar employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and real estate products.

FACTS

32.    Greystar develops, leases, and manages residential rental properties throughout the United States, and all over the world.

33.    Principe was employed by Greystar in Arizona.

34.    Principe was a salaried employee of Greystar.

35.    Greystar did not pay Principe on a fee basis.

36.    Principe worked as a property accountant for Greystar.

37.    Principe normally worked more than 40 hours in a week.

38.    Principe often worked 55 hours per week, or more..

39.    Principe reported the hours, or at least the days, she worked to Greystar on a regular basis.

40.    The time Principe worked for Greystar is reflected in Greystar's records.

41.    Greystar paid Principe a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

42.    Throughout her employment, Principe performed non-exempt job duties as an property accountant.

43.    Principe implemented guidelines designed by Greystar's corporate management.

44.    Principe was subject to policies and procedures which dictated her day-to-day activities.

45.    The work Principe performed was an essential and integral part of Greystar's core business.

46.     No advanced degree is required to become an property accountant.

47.     Being an property accountant does not require specialized academic training as a standard prerequisite.

48.     To the extent Principe made "decisions," such decisions did not require the exercise of independent discretion and judgment.

49.     Instead, Principe applied well-established techniques and procedures and used established standards to evaluate any issues.

50.     Principe did not set the techniques and procedures utilized to perform the job and did not set quality standards.

51.     Greystar's property accountants are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

52.     With these job duties, Principe was clearly a non-exempt employee under the FLSA.

53.     Greystar did not pay Principe overtime for hours worked in excess of 40 in a single workweek.

54.     Instead, Greystar paid Principe a salary only.

55.     Greystar keeps accurate records of the hours, or at least the days, its salaried employees work.

56.     Greystar keeps accurate records of the amount of pay its salaried employees receive.

57.     Because Principe and the Similarly Situated Workers were misclassified by Greystar as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

58.     Greystar was aware of the overtime requirements of the FLSA.

59.     Greystar was aware of the overtime requirements of Arizona law.

60.     Greystar knew, since at least 2019, that its property accountants were not exempt employees under the FLSA.

**PARMET PC**

61.     Greystar knew, since at least 2019, that its property accountants were required to be paid overtime under the FLSA.

62.     Greystar nonetheless failed to pay these property accountants, such as Principe, overtime.

63.     Greystar's failure to pay overtime to these property accountants was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

64.     Principe incorporates all other allegations.

65.     The illegal pay practices Greystar imposed on Principe were likewise imposed on the FLSA Collective Members.

66.     Greystar employs many other workers who worked over 40 hours per week and were subject to Greystar's same pattern, practice, and policy of failing to pay overtime at 1.5x the workers' regular rates of pay.

67.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

68.     Based on his experience and tenure with Greystar, Principe is aware that Greystar's illegal practices were imposed on the FLSA Collecitve Members.

69.     These workers were similarly situated within the meaning of the FLSA.

70.     Greystar's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the FLSA Collective Members.

**CLASS ACTION ALLEGATIONS**

71.     Principe incorporates all other allegations.

72.     The illegal pay practices Greystar imposed on Principe were likewise imposed on the Arizona Class members.

73.     Numerous other individuals who worked with Principe were improperly classified as independent contractors, paid in the same manner, performed similar

work, and were not properly compensated for all hours worked as required by the Arizona Wage Act.

74.    The Arizona Class members are so numerous that joiner of all members is impracticable.

75.    Greystar imposed a uniform practice or policy on Principe and the Arizona Class members regardless of any individualized factors.

76.    Based on his experience and tenure with Greystar, Principe is aware that Greystar's illegal practices were imposed on the Arizona Class members.

77.    Arizona Class members were all improperly classified as independent contractors and not paid overtime when they worked in excess of 40 hours per week.

78.    Greystar's failure to pay wages and overtime compensation at the rates required by the Arizona Wage Act result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Arizona Class members.

79.    Greystar's experiences are therefore typical of the experiences of the Arizona Class members.

80.    Principe has no interest contrary to, or in conflict with, the Arizona Class members. Like each member of the proposed class, Principe has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

81.    A class action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

82.    Absent this action, many Arizona Class members likely will not obtain redress of their injuries and Greystar will reap the unjust benefits of violating New Mexico law.

83.    Furthermore, even if some of the Arizona Class members could afford individual litigation against Greystar, it would be unduly burdensome to the judicial system.

84.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

85.     The questions of law and fact common to each of the Arizona Class members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

      a.   Whether the Arizona Class members were improperly classified as independent contractors;

      b.   Whether the Arizona Class members were not paid overtime at 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek;

      c.   Whether Greystar's pay scheme, without paying overtime to the Arizona Class members, violated the Arizona Wage Act;

      d.   Whether Greystar knowingly benefitted at the expense of the Arizona Class members; and

      e.   Whether allowing Greystar to retain the benefit it obtained at the expense of the Arizona Class members would be unjust.

86.     Principe's claims are typical of the Arizona Class members' claims. Principe and the Arizona Class members have sustained damages arising out of Greystar's illegal and uniform employment policy.

87.     Principe knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

88.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude class action treatment.

**FIRST CAUSE OF ACTION—VIOLATIONS OF THE FLSA**

89.     Principe incorporates each other allegation.

90. Greystar has violated, and is violating, section 7 of the FLSA, 29 U.S.C. § 207, by compensating non-exempt employees on salary basis in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than 40 hours without compensating the FLSA Collective members for their employment in excess of 40 hours per week at rates no less than 1.5 times the regular rates for which they were employed.

91. Greystar knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

92. Greystar's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

93. Accordingly, Principe and the FLSA Collective members are entitled to overtime wages under the FLSA in an amount equal to 1.5 times their rate of pay, plus liquidated damages, attorney's fees, and costs.

**SECOND CAUSE OF ACTION—VIOLATIONS OF THE ARIZONA WAGE ACT**

94. Principe incorporates all other allegations.

95. The conduct alleged in this Complaint violates the Arizona Wage Act, ARS 23-350, *et seq.*

96. Greystar was and is an "employer" within the meaning of the Arizona Wage Act. (ARS § 23-350(3).)

97. At all relevant times, Greystar employed Principe and each other Arizona Class member as "employees" within the meaning of the Arizona Wage Act. (ARS § 23-350(2).)

98. Principe and the other Arizona Class members were required by law to be paid overtime wages for all overtime hours worked.

99. Principe and the other Arizona Class members had a reasonable expectation Greystar would pay them wages as required by the FLSA.

PARMET PC

100.   Principe and the other Arizona Class members had a reasonable expectation Greystar would pay them wages as required by federal law.

101.   Principe and the other Arizona Class members had a reasonable expectation Greystar would pay them wages as required by Arizona law.

102.   Principe and the other Arizona Class members had a reasonable expectation Greystar would pay them at a rate at least 1.5 times their regular rate of pay for hours worked in excess of 40 in a workweek.

103.   Within the applicable limitations period, Greystar had a policy and practice of failing to pay proper overtime to the Arizona Class members for their hours worked in excess of 40 hours per week.

104.   The wages and overtime owed to Principe and each other Arizona Class member were due to be paid not later than 16 days after the end of the of the most recent pay period. (ARS § 23-351(C)(3).)

105.   The wages and overtime owed to Principe and each other Arizona Class member who left the employment of Greystar were due to be paid not later seven days after termination, or at the end of the next regular pay period. (ARS § 23-353(A)-(B).)

106.   The Arizona Wage Act prohibits an employer from withholding or diverting any portion of an employee's wages unless they are required or empowered to do so by state or federal law, or the employee has authorized the withholding in writing. (ARS § 23-352.)

107.   Greystar was not required under Arizona or federal law to withhold the wages and overtime pay due to Principe and the Arizona Class members.

108.   Greystar was not empowered under Arizona or federal law to withhold the wages and overtime pay due to Principe and the Arizona Class members.

109.   Neither Principe nor the Arizona Class members authorized Greystar to withhold the wages and overtime pay due to them.

110.   Greystar has not paid these overtime wages to Principe and each other Arizona Class member.

111.   As a result of Greystar's failure to pay proper overtime to Principe and the Arizona Class members for work performed in excess of 40 hours in a workweek, Greystar violated the Arizona Wage Act.

112.   Principe and the Arizona Class members are entitled to overtime wages under Arizona law in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

### THIRD CAUSE OF ACTION—UNJUST ENRICHMENT

113.   Principe incorporates all other allegations.

114.   Greystar's acts and omissions in denying proper overtime pay to Principe and the Arizona Class members was done knowingly.

115.   As a result of its unlawful acts and omissions, Greystar received substantial benefit in the form of financial compensation that rightfully belonged to Principe and the Arizona Class members.

116.   It would be unjust to allow Greystar to retain these benefits, which were gained through unlawful means, including but not limited to, failing to pay Ker and the Arizona Class members the wages and overtime they were entitled to under Arizona law.

117.   Greystar has been unjustly enriched by its unlawful acts and omissions.

### DAMAGES

118.   Greystar's acts and omissions, individually and collectively, caused Principe and the Similarly Situated Workers to sustain legal damages.

119.   Principe and the FLSA Collective members are entitled to overtime wages in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages, attorney's fees, and costs. (29 U.S.C. § 216(b).)

120.   Principe and the Arizona Class members are entitled to overtime wages under the Arizona Wage Act in an amount equal to three times their unpaid wages, plus attorney's fees and costs. (ARS § 23-355(A).)

PARMET PC

121. Principe and the Arizona Class members are entitled to recover for Greystar's unjust enrichment, including restitution and penalties.

122. Principe and the Similarly Situated Workers are entitled to recover attorneys' fees and costs of court.

123. Principe and the FLSA Collective members are entitled to recover liquidated damages under the FLSA.

124. Principe and the Arizona Class members are entitled to treble damages under the Arizona Wage Act.

125. Principe and the Arizona Class members are entitled to exemplary damages on their unjust enrichment claim.

126. Principe and the Similarly Situated Workers are entitled to pre- and post-judgment interest at the maximum legal rates.

127. A constructive trust should be imposed on Greystar, and the Court should sequester any benefits or money wrongfully received by Greystar at the expense of Principe and the Arizona Class members.

## RELIEF SOUGHT

Principe prays for judgment against Greystar as follows:

a. For an order certifying a collective action for the purposes of claims under the FLSA;

b. For an order certifying a class action for the purposes of the claims under Arizona law;

c. For an order finding Greystar liable for violations of state and federal wage laws with respect to Principe and all class members covered by this case;

d. For a judgment awarding all unpaid wages, liquidated damages, and penalty damages, to Principe and all FLSA Collective members covered by this case;

**PARMET PC**

1       e.     For a judgment awarding all unpaid wages, treble damages,
2             penalty damages, and punitive damages, to Principe and all
3             Arizona Class members covered by this case;

4       f.     For an order finding Greystar was unjustly enriched by its
5             violations of Arizona law with respect to Principe and all Arizona
6             Class members covered by this case;

7       g.     For an order imposing a constructive trust on Greystar and
8             sequestering the benefits and monies that it wrongfully obtained at
9             the expense of Principe and the Arizona Class members;

10      h.     For an order awarding restitution, penalties, and exemplary
11            damages to Principe and all Arizona Class members covered by
12            this case;

13      i.     For a judgment awarding costs of this action to Principe and all
14            class members covered by this case;

15      j.     For a judgment awarding attorneys' fees to Principe and all class
16            members covered by this case;

17      k.     For a judgment awarding pre- and post-judgment interest at the
18            highest rates allowed by law to Principe and all class members
19            covered by this case; and

20      l.     For all such other and further relief as may be necessary and
21            appropriate.

22 Date: Mar. 20, 2022

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**PARMET PC**

*/s/ Matthew S. Parmet*
By: _____
     **Matthew S. Parmet**

**Attorneys for Plaintiff**

**PARMET PC**